Harrison, Ch. J.
doubted if in the latter case a recovery by the consignor could be pleaded in bar to an action by the consignee, against the carrier for the same thing.
*454 A bill of exceptions was taken at the trial, of the issue at May term, 1789, by which it appears the defendant produced Stephen Hyland, as a witness, and offered to have him sworn. The plaintiff prayed that he might be sworn on the voire dire, and upon his being so sworn, prayed that he might be asked if he was not a part owner of the said schooner Diligent before and at the time of the voyage, mentioned in the declaration of the plaintiff, and whether the said schooner was not chartered by the said Stephen, and the other owners, to the said Daniel Slieridine at the time the said tobacco was shipped on board of her, and during her voyage ?
But the Court were of opinion, that such questions could not be asked tho witness, but that he coul-.i only be asked whether he conceives himself interested in, or that he shall gain or lose by, the event of this cause. To which opinion the plaintiff' excepted.
(Hanson, J. and (Goldsborouqh, J.)
The Jury found their verdict for the plaintiff. Damages 1521. 15s. Id. current money.
The defendant filed the following motion, and reasons, in arrest of judgment, viz. And the said Daniel Slieridine, by his said Attorney, (Robert Smith,) saith, that the Court here ought not to proceed to give judgment upon the said verdict, and prayeth that judgment against him the said Daniel, in and upon the verdict aforesaid, by the Jurors aforesaid given in the form aforesaid, may be staid by reason that the said verdict is only for the sum of 1521. 15s„ Id. present current money of Maryland, which is not of the value of one hundred pounds sterling money of Great Britain, and that judgment of nonsuit may therefore be signed against the said David Moore.
The cause was continued under curia advisare vult until this term; when the reasons in arrest of judgment were overruled, and judgment entered for the plaintiff.
The defendant appealed to the Court of Appeals,

*455
In the Court of Appeals 

(a)

Exception was taken on the point, whether a witness, sworn on the voire dire, being asked any other question than whether he is interested or not, or whether he should gain or lose by the event of the cause, should be obliged to answer such question. The General Court decided he should not.
A witness may be asked to explain the nature of his interest, that so the Court may judge whether his interest is such as ought to exclude his evidence. 10 Mod. 194.
An evidence appearing by answer in Chancery to be ambiguous, the court were of opinion that it might be explained on voire dire. 10 Mod. 151.
On a question upon evidence, a witness swore that at the time the action was brought, he was concerned in, every thing, but long since had sold his interest, and that he was not one farthing concerned in the consequence of the cause, yet the Court held that he was not a competent witness. Skinner, 174. 21 Vin. Abr. 366. pl. 23.
If an action be brought by a commoner for his right of common, shall another person who claims the right of common under the same title, be allowed to give evidence ? Yet it is certain he can neither gain nor lose in the cause, for the event will in no way determine his right. But though he is not interested in that cause, he is in that question upon which the cause depends, and that will be a bias upon his mind; and the law judges it not proper to admit a man to swear that to be true which it is plainly his interest should be true. 10 Mod. 292.
A witness may not be compelled on a voire dire to answer touching a trespass done, for the doing whereof he may be liable to an action. Where a witness cannot be otherwise excepted against, he may be made to answer on the voire dire. Terms de la Ley.
A person may be examined as a witness, notwithstanding *456 another person is produced who swears he heard the first , . , , ,. , person say he was to gain by the event ot the cause. 2 Barn. 178. Lomax v. Honeby.
Hollingsworth and Smith, for the appellant.
Martin, (Attorney-General,) and Jenings, for the ap - pellee.
The Court of Appeals, at June term, 1793, affirmed the judgment of the General Court.

 Notes from Ch. S. Mamseg’s aote book.